IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH KITSON, Individually and on Behalf of Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BANK OF EDWARDSVILLE and )<br>HARLAND FINANCIAL SOLUTIONS, )<br>INC., )<br>)<br>Defendant. ) | CIVIL NO. 08-507-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion brought by Plaintiff Kenneth Kitson, individually and in his capacity as proposed Settlement Class Representative, requesting preliminary approval of a proposed Class Action Settlement Agreement between the Settlement Class Representative and Defendant Bank of Edwardsville (the Bank), for conditional certification of a Settlement Class, for appointment of class counsel, for designation of Kenneth Kitson as class representative, for approval of the proposed Notice to Bank of Edwardsville Commercial Loan Borrowers regarding the change in the Bank's commercial loan interest accrual practices, for approval of the proposed Notice of Proposed Class Action Settlement for mailing to Settlement Class members, and for scheduling a final fairness hearing (Doc. 42). The Bank does not oppose this motion.

### I. PROCEDURAL BACKGROUND

In November 2002, Plaintiff Kitson filed this putative class action against the Bank in the

Twentieth Judicial Circuit Court, St. Clair County, Illinois (the State Court).  The State Court granted class certification on December 18, 2003, over the Bank's objection.

In August 2005, the Bank joined Harland Financial Solutions, Inc., (HFS) as a third-party defendant in the action pending in State Court.  HFS is the licensor of LaserPro® computer software to the Bank.  Kitson subsequently added a claim against HFS, and  the case was removed to this federal Court.  On Plaintiff's motion, the case was remanded to the State Court, and Kitson voluntarily dismissed the claim against HFS.  Kitson and the Bank agreed on the terms of a proposed settlement, which the State Court preliminarily approved on June 30, 2008.

On June 4, 2008, Plaintiff Kitson was granted leave to amend the pending complaint in the State Court to re-assert previous and new claims against HFS.  On July 16, 2008, HFS again removed the entire action to this Court under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (CAFA).  This Court subsequently denied Kitson's motion to remand, finding CAFA's local controversy exception inapplicable (*see* Doc. 19).  On February 9, 2009, this Court granted HFS's motion for judgment on the pleadings and dismissed with prejudice all claims asserted by Kitson against HFS (*see* Doc. 32).

In the Second Amended Complaint, which is the operative complaint, Kitson alleges that the Bank computed interest using the 365/360 basis of interest accrual without adequate disclosure in its commercial loan documents.  Kitson claims that, as a result, the Bank computed interest at a rate in excess of that stated in its commercial loan documents, thereby violating the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.; breaching the terms of loan contracts executed by the Bank's commercial borrowers; and violating the Illinois Interest Act, 815 ILCS 205/1 *et seq*.

The Bank denies liability. But in its third-party claims, the Bank asserts that if it is held liable to Kitson or any member of the class he seeks to represent, such liability resulted from a deficiency in the commercial loan documents generated by the Bank using HFS's LaserPro® software; specifically, the language was deficient in describing the fact that interest was being accrued on a 365/360 basis. The Bank's third-party claims against HFS were referred for resolution by the State Court to an Arbitrator appointed by the American Arbitration Association (the Arbitration), where such third-party claims remain pending.

Kitson, on behalf of the Settlement Class, and the Bank have engaged in extensive discovery, with the Bank responding to hundreds of written discovery requests and producing tens of thousands of documents. Importantly, the Bank prepared summaries of the more than 11,000 commercial loans made or extended from June 1, 1998, through March 2, 2008 (the Class Period). Kitson and the Bank also have engaged in extensive settlement discussions, beginning while this case was pending in State Court and continuing to the present.

This Court already has twice denied preliminary approval of prior agreements between Kitson and the Bank to settle this action. The parties have again revised their agreement, which is attached to the motion as Exhibit A (*see* Doc. 42, Ex. A). Separately but concurrently, the Bank and HFS have agreed to settle the Bank's third-party claims against HFS in the Arbitration, and the Bank has agreed to contribute the entire proceeds of its settlement with HFS to the Settlement Class as additional consideration for the new proposed Class Action Settlement Agreement. Therefore, this Agreement proposes to resolve this action in its entirety.

Having carefully reviewed the proposed Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement, the statements of Kitson's counsel,

and the entire record in this matter, and recognizing the Court's duty to make a preliminary determination as to the reasonableness of a proposed class action settlement before making any final determination on the settlement, the Court is prepared to rule on the pending motion. The Court specifically finds that a hearing on the motion is not necessary because this Court is familiar with the case and the parties' positions, having considered two motions based on previous agreements and having held a hearing in June 2009.

## II.  CONDITIONAL CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

As noted above, the State Court certified a class, for litigation purposes, in December 2003. However, that was more than five years ago and pursuant to the class certification standards established by Illinois law. *See* 735 ILCS 5/2-801 *et seq*. This Court must consider the issue of class certification under Federal Rule of Civil Procedure 23. Not only has the applicable standard changed, but the parties now have agreed on a slightly broader proposed class definition for settlement purposes.

The Court conditionally finds that, within the meaning of Federal Rule of Civil Procedure 23(a), the proposed Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims of the proposed Settlement Class Representative are typical of the claims of the Settlement Class; and the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class. Further, the Court conditionally finds that certification of this case as a class action for settlement purposes is appropriate under Federal Rule of Civil Procedure 23(b)(3). These conditional findings are without prejudice to the parties taking contrary positions if the Settlement Agreement is not finally approved. In that instance, the parties' positions and the posture of the case will be as they existed

prior to the submission of the proposed Settlement Agreement.

Accordingly, the Court hereby conditionally **CERTIFIES**, pursuant to Rule 23(b)(3) and for settlement purposes only, the following Settlement Class:

> All persons or entities that had commercial loans outstanding with the Bank of Edwardsville, its predecessors and successors in interest, and all affiliated entities (including, without limitation, The Bank of Edwardsville, Banc Ed Corp., Omni Bank, Inc., and Omni Bank) in the period of June 1, 1998 through March 2, 2008 (the "Class Period"), and paid interest on such loans computed pursuant to the 365/360 basis of interest accrual.
>
> Excluded from the Settlement Class are (a) employees, officers, directors, agents, and legal representatives of the Bank (as defined above); (b) all persons or entities who previously opted out of the above-captioned lawsuit; and (c) all Settlement Class members who elect to exclude themselves from the settlement described herein.

This certification is conditional pursuant to Rule 23(c)(1) and, as such, may be altered or amended before a decision on the merits. Moreover, consistent with Rule 23(c)(2)(B), Settlement Class members will have an opportunity to opt out of the proposed settlement as provided in the Settlement Agreement.

The Court hereby **APPOINTS** Kenneth Kitson as Settlement Class Representative. Further, the Court hereby **APPOINTS** as Class Counsel: Bernard J. Ysursa, of the firm of Cook, Ysursa, Bartholomew, Brauer, & Shevlin, Ltd.; Pat Ducey, of the Law Office of Pat Ducey; and Thomas Ysursa, of the firm of Becker, Paulson, Hoerner & Thompson, P.C. The Court finds, pursuant to Rule 23(g), that Class Counsel have thoroughly investigated potential class claims, have extensive experience in handling class actions, and have committed substantial resources to representing the Settlement Class.

### III.  PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT

A district court may approve a settlement only if it is "fair, reasonable, and adequate," and district courts must "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006). The Court has carefully reviewed the proposed Settlement Agreement, together with the moving papers and supporting materials, and preliminarily finds it to be within the range of reasonableness of a settlement that ultimately could be given final approval by the Court. The Court preliminarily finds that the relief provided under the settlement is fair to all Settlement Class members and further preliminarily finds that the amount provided under the settlement for Class Counsel's fees and costs is fair and reasonable. At this time, it appears that the parties have conducted extensive investigation and discovery and sufficient litigation of the issues to allow counsel for the parties to make informed and reasonable assessments of their respective positions.  It further appears that the settlement will avoid substantial litigation costs, as well as the delay, risk, and uncertainty further prosecution of the litigation would present. The proposed settlement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced and well-qualified counsel.

Therefore, the Court **PRELIMINARILY APPROVES** the proposed Settlement Agreement as fair, reasonable, and adequate.  If this Court ultimately declines to give final approval to the parties' settlement by entering a final order as contemplated by the parties to the Settlement Agreement, then this Court's preliminary approval will be vacated and the Settlement Agreement shall be rendered null and void as prescribed in the Settlement Agreement.  In that regard, the Settlement Agreement clearly contemplates that upon final approval, the action will be dismissed with prejudice.  Therefore, the settlement term contemplating this Court's continuing jurisdiction

over this action for purposes of resolving disputes that arise with respect to the interpretation, enforcement, or implementation of the settlement is void (*see* Doc. 42, Ex. A at ¶ 32). This Court's subject matter jurisdiction is not subject to contract, and the Court cannot and will not extend jurisdiction beyond what is appropriate.

### IV.  APPROVAL OF CLASS NOTICE AND PROCEDURES

The Court has reviewed the proposed Class Notice, which is attached as Exhibit 2 to the Settlement Agreement (*see* Doc. 42, Ex. 2 to Ex. A). The proposed Class Notice is long, but this case has an extensive history. Therefore, the Court finds that the proposed Class Notice fairly and adequately advises the Settlement Class members of the terms of the proposed settlement, the process by which participating class members will receive payment as prescribed in the Settlement Agreement, the rights of class members to object to the settlement and/or to opt-out of the relief provided by the settlement, and the rights of class members to appear before the Court at the Final Fairness Hearing. Settlement Class members may opt-out of the relief provided by the settlement by mailing a notice of intent to opt-out. Such notice must be mailed to *Kitson* Settlement Administrator, c/o Rust Consulting, Inc., P.O. Box 9321, Minneapolis, MN 55440-9321 and postmarked no later than thirty (30) days prior to the scheduled Final Fairness Hearing. The Court further finds that the proposed distribution of the Class Notice by first-class mail to each identified class member at his/her/its last known address is reasonable, fair, and adequate, and comports with due process.

Accordingly, the Court **APPROVES** the proposed Class Notice submitted with the motion, including the methods and time periods for giving notice and permitting class members to opt-out of the settlement and/or object to the settlement, with the following modifications to be made:

1. Complete the dates left blank for preliminary approval and final fairness hearing;

2. Complete the dates by which (i) class members must send to the Settlement Administrator their notice of intention to present evidence or appear through a lawyer at the Final Fairness Hearing and (ii) any attorney seeking to represent a class member must file a Notice of Appearance;

3. Designate the Settlement Administrator's telephone number with the other contact information.

The Court further **APPROVES** the mailing of the proposed Notice to Bank of Edwardsville Commercial Loan Borrowers, which is attached as Exhibit 1 to the Settlement Agreement (*see* Doc. 42, Ex. 1 to Ex. A), together with the mailing of the Class Notice.

Pursuant to the agreement, the Bank shall cause to be mailed the Notice of Proposed Class Action Settlement – in substantially the form of Exhibit 2 to the Settlement Agreement, including the modifications listed above – within thirty (30) days following entry of this Memorandum and Order. The Bank shall mail to its commercial borrowers the Notice to Bank of Edwardsville Commercial Loan Borrowers, in substantially the form of Exhibit 1 to the Settlement Agreement. The Notice to Bank of Edwardsville Commercial Loan Borrowers may be mailed to Settlement Class members together with the Notice of Class Action Settlement.

### V.  FINAL FAIRNESS HEARING

A Final Fairness Hearing is **SCHEDULED** for **January 25, 2010, at 1:30 p.m.** in the United States District Courthouse, East St. Louis, Illinois, to determine whether the proposed Settlement Agreement shall be given final approval by the Court. Settlement Class members who object to the proposed settlement may appear, in person or through counsel, at the Final Fairness hearing and present such objections, provided that the objecting class member submits a written statement containing his/her/its name and address and the basis of his/her/its objections, together with a notice

of intention to appear, if appropriate. Such statement must be mailed to the *Kitson* Settlement Administrator, c/o Rust Consulting, Inc., P.O. Box 9321, Minneapolis, MN 55440-9321 and postmarked no later than thirty (30) days prior to the scheduled Final Fairness Hearing. No member of the Settlement Class or his/her/its counsel will be heard, nor will any objection be received or considered, except for good cause shown, if the Settlement Class member or his/her/its counsel fails to timely submit the objection in writing in the manner prescribed above.

The Settlement Administrator will be responsible for collecting opt-outs, objections, and notices of intention to appear submitted by Class members. The Settlement Administrator will forward copies of all such documents to Class Counsel and counsel for the Bank on a rolling basis. Within one week after the postmark deadline for Class members to submit opt-outs, objections, and notices of intention to appear, the Settlement Administrator will forward all remaining opt-outs, objections, and notices of intention to appear to Class Counsel and counsel for the Bank, together with written certification that all such documents received by the Settlement Administrator have been provided to Class Counsel. Two weeks prior to the Final Fairness Hearing, Class Counsel shall submit copies of all opt-outs, objections, and notices of intention to appear received from the Settlement Administrator to the Court for its consideration.

Class Counsel shall file Plaintiff's memorandum in support of the settlement, responses to any objections, and papers supporting the proposed award of attorneys' fees and costs, including evidentiary support therefor, no later than one week before the Final Fairness Hearing.

The Bank also may file a memorandum in support of the settlement no later than the date set for Plaintiff's submission. Counsel for the Bank is further directed to file, no later than one week before the Final Fairness Hearing, an affidavit certifying that mailing and publication of the Class

Notice was completed.

In their papers supporting final approval of the settlement, the parties are **DIRECTED** to specifically address the factors set out by the Seventh Circuit Court of Appeals in the *Synfuel* case. 463 F.3d at 653. Furthermore, the parties shall present evidence to enable this Court to analyze such factors in the manner prescribed in *Synfuel*. *Id*.

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement (Doc. 42) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  09/18/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge