IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH KITSON, Individually and on Behalf of Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BANK OF EDWARDSVILLE and )<br>HARLAND FINANCIAL SOLUTIONS, )<br>INC., )<br>)<br>Defendants. ) | CIVIL NO. 08-507-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on motions brought by Plaintiff Kenneth Kitson, individually and in his capacity as Settlement Class Representative, and Defendant Bank of Edwardsville (the Bank) for final approval of the Class Action Settlement Agreement (the Agreement) entered into by the parties on August 12, 2009, and preliminarily approved by this Court on September 18, 2009. By approving the terms of the settlement, the parties ask the Court to dismiss with prejudice (1) all claims asserted by Plaintiff and the Settlement Class against the Bank and against Defendant Harland Financial Solutions, Inc. (HFS) and (2) the Bank's still-pending but stayed third-party claims against HFS. Class Counsel also asks the Court to award them attorneys fees and costs.

### I. PROCEDURAL BACKGROUND

On September 18, 2009, this Court granted preliminary approval of the Agreement, conditionally certified a Settlement Class, appointed Class Counsel, designated Kenneth Kitson as

Settlement Class Representative, approved forms of notice to be sent to the Bank's Commercial Loan Borrowers and to the Settlement Class members, and scheduled a final fairness hearing (Doc. 43). The Bank created a Class Loan Summary, which enabled the Settlement Administrator to send individual notice to the Settlement Class on October 16, 2009. No objections to the settlement were received. The Settlement Administrator did receive several updated addresses from Settlement Class members, and four additional opt-outs were received, for a total of 42 opt-outs (*see* Doc. 49). The Class Loan Summary had been updated to exclude the loans for the borrowers who opted out of this settlement.

Consistent with the notice given, a final fairness hearing was held on January 25, 2010. Counsel for the parties appeared; no other interested person appeared to be heard regarding the fairness of the settlement.

## II.  SETTLEMENT TERMS

The Court specifically approves and incorporates the following principal terms of the parties' settlement.

1.  The Bank will create a Common Fund for settlement purposes consisting of a total cash sum of Three Million Four Hundred Fifteen Thousand Dollars ($3,415,000), from which the Settlement Class Representative's Fee, Litigation Expenses, Class Counsel Fees, and all Settlement Payments to Settlement Class Members will be paid, as provided in paragraph 2 below. The Common Fund will consist of: (a) the Bank's own cash payment of Three Million Two Hundred Fifteen Thousand Dollars ($3,215,000) and (b) the Bank's contribution to the Settlement Class of the entire $200,000 in settlement proceeds which HFS has agreed to pay the Bank in settlement of the Bank's claims against HFS.

2. All participating Settlement Class members shall receive from the Common Fund a prorated sum (a Settlement Payment) based upon the difference between the amount of interest they actually paid on Class Loans during the Class Period and the amount of interest they would have paid had such interest been computed using the 365/365 basis of interest accrual, after first deducting Court-approved Settlement Class Representative Fees, Litigation Expenses, and Class Counsel Fees as described in paragraphs 3 and 4 below. Such a Settlement Payment, calculated as described above, will be mailed to all Settlement Class members. However, the Bank may exercise its right of setoff against members of the Settlement Class with respect to Class Loans that are in arrears 90 days or more.

3. Class Counsel will be paid one-third of the $3,415,000 total value of the Common Fund, or One Million One Hundred Thirty Eight Thousand Three Hundred Thirty Three Dollars and 33/100 cents ($1,138,333.33), for their efforts in obtaining the Common Fund for the benefit of the Settlement Class. Class Counsel also will be paid reasonable expenses and costs incurred in this litigation, not to exceed Twenty-Five Thousand Dollars ($25,000), from the Common Fund.

4. The Settlement Class Representative, Kenneth Kitson, will be paid a fee of Eleven Thousand Dollars ($11,000) from the Common Fund.

5. The Settlement Class Representative, individually and on behalf of the Settlement Class, and acting through Class Counsel, agrees to dismiss with prejudice all claims asserted in this case against the Bank, upon this Court's final approval of the settlement.

6. In light of the separate settlement it has reached with HFS, the Bank likewise agrees to dismiss with prejudice its third-party claims against HFS, upon this Court's final approval of the settlement.

7. By virtue of final approval of the settlement, all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, relating in any way or arising out of (a) the computation, payment, or receipt of interest using the 365/360 basis of interest accrual; (b) any and all claims that were asserted or could have been asserted by the Settlement Class or the Settlement Class Representative in this action against the Bank relating to the facts alleged in the complaints filed herein or described in the Agreement (Plaintiffs' Released Claims); and (c) any and all claims that were asserted or could have been asserted by the Bank in this action or in the related arbitration it initiated against HFS relating to the facts alleged in the Third Party Complaint filed herein or described in the Agreement (Bank's Released Claims) will be finally compromised, settled, released, discharged, and dismissed with prejudice.

8. Upon final approval of the settlement, Settlement Class members and their successors and assigns will be permanently barred and enjoined from instituting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of Plaintiffs' Released Claims against the Bank in any forum.

### III. FINDINGS

1. The Court's conditional class certification, appointment of class representative, and appointment of class counsel are hereby made final.

2. The notice to the Settlement Class was accomplished and complied with due process requirements. Specifically, the notice fully and accurately informed the Class members of all material elements of the proposed settlement and was the best notice practical under the

circumstances.

    3.    No objections to the settlement have been interposed by any member of the Settlement Class.

    4.    All members of the Settlement Class who did not timely elect exclusion from the Class by submitting a written opt-out request are bound by this Memorandum and Order.

    5.    Having carefully scrutinized the proposed settlement in accordance with the Court's obligations under *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006), the settlement is fair, reasonable, and adequate. The relief provided under the settlement is fair to all Settlement Class members. The Class is comprised of:

> All persons or entities that had commercial loans outstanding with the Bank of Edwardsville, its predecessors and successors in interest, and all affiliated entities (including, without limitation, The Bank of Edwardsville, Banc Ed Corp., Omni Bank, Inc., and Omni Bank) in the period of June 1, 1998 through March 2, 2008 (the "Class Period"), and paid interest on such loans computed pursuant to the 365/360 basis of interest accrual.
>
> Excluded from the Settlement Class are (a) employees, officers, directors, agents, and legal representatives of the Bank (as defined above); (b) all persons or entities who previously opted out of the above-captioned lawsuit; and (c) all Settlement Class members who elect to exclude themselves from the settlement described herein.

After all fees and expenses are deducted, Settlement Class members will receive eighty percent (80%) of their actual damages. The motions for final approval of this settlement are **granted**.

    6.    The amount provided under the settlement for Class Counsel's fees and costs is fair, reasonable, and appropriate. Accordingly, the motion (Doc. 53) is **granted**; Class Counsel are awarded One Million One Hundred Thirty Eight Thousand Three Hundred Thirty Three Dollars and 33/100 cents ($1,138,333.33) in attorneys fees and Twenty-five Thousand Dollars ($25,000) in

costs.

7. The amount provided under the settlement for the enhancement award to be paid to the Class Representative is fair, reasonable, and appropriate. Accordingly, Kenneth Kitson is awarded Eleven Thousand Dollars ($11,000) for his prosecution of this lengthy litigation.

8. All claims against the Bank as asserted in this action are dismissed with prejudice and without additional costs. This finding is entered without any admission by the Bank as to the merits of any of the allegations in the Complaint and does not constitute a finding as to any of the allegations in the Complaint.

9. The Bank's pending but stayed third-party claims against HFS in this action are dismissed with prejudice and without costs. This finding is entered without any admission by HFS as to the merits of any of the allegations in the Third Party Complaint and does not constitute a finding as to any of the allegations in the Third Party Complaint.

10. This Memorandum and Order resolves all pending claims against the Bank and the Bank's third-party claims against HFS.

11. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 01/25/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge